IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VIRGINIA ANIMAL OWNERS ALLIANCE, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> K. MICHELLE WELCH, *in her individual and official capacity as Senior Assistant Attorney General for the State of Virginia*, *et al.*, <br><br> *Defendants*. | No: 1:23-cv-00628 (MSN/LRV) |

## ORDER

This matter comes before the Court on the Defendants' Motions to Dismiss for Lack of Jurisdiction (Dkt. 7, 13, 18, 21) and the Defendants' Motions to Dismiss for Failure to State a Claim (Dkt. 9, 15, 23, 25). Having reviewed the motions, opposition, replies thereto, and arguments of counsel, the Court will grant the Motions to Dismiss for Lack of Jurisdiction and dismiss the complaint.

This is the third time Plaintiff Virginia Animal Owners Alliance ("Alliance") has brought a suit in this district seeking injunctive relief regarding the same animal cruelty statutes: Va. Code §§ 3.2-6568, 3.2-6569. Two other courts in this district previously dismissed those cases after concluding that the plaintiffs lacked standing. *See Virginia Animal Owners Alliance v. Herring*, No. 3:20-cv-633-DJN, 543 F. Supp. 3d 302 (E.D. Va. 2021); *Vitiello v. Miyares*, No. 1:22-cv-450-PTG, ECF No. 47 (E.D. Va. Sept. 15, 2022).

The Court adopts in full the reasoning and conclusions of those previous orders and finds that Plaintiffs still lack standing. When seeking injunctive relief, to establish standing a plaintiff must allege a "real and immediate threat" that he will be wronged again. *Bryant v. Cheney*, 924

F.2d 525, 529 (4th Cir. 1991). Relevant here, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Rather, to establish standing, Plaintiffs would have to allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Kenny v. Wilson*, 885 F.3d 280, 288 (4th Cir. 2018).

As Judge Novak wrote in dismissing the first suit, *Virginia Animal Owners Alliance v. Herring*, "the mere act of owning [animals] does not evince an intent to engage in conduct arguably proscribed by the statute," because "the statutes at issue do not prohibit animal ownership. Instead, they provide a procedural mechanism through which local authorities may investigate and ultimately seize animals which have been abandoned or otherwise mistreated." 543 F. Supp. 3d at 307. And as Judge Giles explained in dismissing the second suit, Plaintiffs' "whole complaint is based on … their … fear of overzealous enforcement," which is "simply insufficient" for standing. *Vitiello v. Miyares*, 1:22-cv-450, ECF No. 48, at 18 (Feb. 27, 2023).

Plaintiffs continue to rely on generalized allegations of "fear" to establish standing. As relevant to any threat of future enforcement, Plaintiff Newell-Reed merely alleges that "[s]he continues to own animals" (Compl. ¶ 37); Plaintiff Najeh Abedeljalil alleges that he has been banned from owning companion animals for life (*id.* ¶ 44), with no other allegations concerning his intent to own any other animals in the future; Plaintiff Casey Abedeljalil alleges that he "continues to own animals and fears the statutes will be used against him" (*id.* ¶ 51); Plaintiff Vitiello alleges that she "continues to own … animals" (*id.* ¶ 76); Plaintiff Barrett alleges that "she is allowed to maintain a certain number of animals based on zoning and acreage" (*id.* ¶ 82); and Plaintiffs Marino and Wilkerson make no allegations at all relevant to future enforcement. Nor does the Alliance make any separate allegations concerning future enforcement; only allegations

2

pertaining to its advocacy efforts (*id.* ¶¶ 117-129). In sum, Plaintiffs fail to allege anything concerning an immediate threat of future enforcement beyond "fear that their beloved animals will be seized and euthanized without receiving due process." *Id.* ¶ 138.

Because the Plaintiffs have failed to allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by" the animal cruelty statutes, they lack standing. And because all of the Plaintiffs lack standing, the Court need not discuss the other jurisdictional arguments raised by certain individual Defendants.

Accordingly, it is hereby

**ORDERED** that the Defendants' Motions to Dismiss for Lack of Jurisdiction (Dkt. 7, 13, 18, 21) are **GRANTED**; and it is further

**ORDERED** that the Defendants' Motions to Dismiss for Failure to State a Claim (Dkt. 9, 15, 23, 25) are **DENIED AS MOOT**; and it is further

**ORDERED** that the Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**;[1] and it is further

**ORDERED** that judgment be entered in favor of Defendants.

It is **SO ORDERED**.

The Clerk is directed to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 58, and to close this civil action.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
October 27, 2023

---

[1] A dismissal based on lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).